**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0140n.06

**Case No. 19-3219**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Mar 10, 2020<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| *Plaintiff-Appellee,* | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| DONALD HOPE, | ) | DISTRICT OF OHIO |
| | ) | |
| *Defendant-Appellant.* | ) | |
| | ) | O P I N I O N |

BEFORE: COLE, Chief Judge; BOGGS and SUTTON, Circuit Judges

COLE, Chief Judge. Appellant Donald Hope pleaded guilty to conspiring to possess with intent to distribute mixtures containing heroin and cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 856. At sentencing, the district court imposed a sentence of 220 months' imprisonment. As part of the plea agreement, Hope waived his right to appeal his conviction and sentence, except as to claims of ineffective assistance of counsel, prosecutorial misconduct, or that his sentence exceeded the statutory maximum. Hope now avails himself of his reserved right to appeal on the ground of ineffective assistance of counsel. Specifically, he claims that his attorney was ineffective for not arguing that the district court was required to apply the preponderance-of-evidence standard in making any fact-finding that would increase Hope's base offense level under the Sentencing Guidelines and *United States v. Watts*, 519 U.S. 148 (1997).

We typically do not consider claims of ineffective assistance of counsel when they are raised for the first time on direct appeal. *See, e.g.*, *United States v. Martinez*, 430 F.3d 317, 338 (6th Cir. 2005). Instead, to allow the parties to "develop an adequate record on the issue," we normally review ineffective-assistance claims in post-conviction proceedings. *United States v. Brown*, 332 F.3d 363, 369 (6th Cir. 2003) (internal citation and quotation marks omitted). The rationale for this practice is that "[w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Massaro v. United States*, 538 U.S. 500, 504–05 (2003). In short, to review an ineffective-assistance-of-counsel claim, we require a record from which we can comprehensively evaluate the performance of the counsel in question, and such a record is rarely available on direct appeal.

We are not persuaded that this is one of those rare instances. On the record currently before us, we are unable to evaluate the effectiveness of Hope's counsel at the sentencing hearing to determine whether his approach was constitutionally deficient. Accordingly, and without opining on the performance of Hope's attorney at the sentencing hearing, we decline to reach Hope's claim at this juncture and affirm the judgment and sentence of the district court.